IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIANHUA LING | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 16-cv-2961 |
| | § | |
| FARMERS INSURANCE GROUP dba | § | |
| FIRE INSURANCE EXCHANGE | § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes TEXAS FARMERS INSURANCE COMPANY ("Texas Farmers") on behalf of Defendant, FARMERS INSURANCE GROUP DBA FIRE INSURANCE EXCHANGE ("Farmers") (incorrectly named as defendant because the relevant policy of insurance was issued by Texas Farmers), issued the policy of insurance), a Write-Your-Own ("WYO") Program insurance carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] hereby removes the state court action entitled *Jianhua Ling v. Farmers Insurance Group dba Fire Insurance Exchange*, bearing Cause No. 2016-45494, in the 164th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.  An index of documents being filed contemporaneously with this Notice is attached at Exhibit A.  In support of the instant Notice of Removal, Texas Farmers respectfully represents as follows:

---

[1] 42 U.S.C. § 4001, *et seq*.
[2] *See* 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005).

**The Parties and Timeliness**

1.  Jianhua Ling filed the referenced state court action against erroneously named "Farmers Insurance Group dba Fire Insurance Exchange" on July 8, 2016. A true and accurate copy of the Plaintiff's Complaint is attached and incorporated hereto as part of Exhibit B, as required by 28 U.S.C. §§ 1446(a) and 1147(b).

2.  Farmers Insurance Group dba Fire Insurance Exchange, a parent of Texas Farmers Insurance Company, was not the correct insurer of the Plaintiff's property.

3.  The proper insurer is Texas Farmers, who had issued a Standard Flood Insurance Policy ("SFIP"), bearing policy number 8702691498 2015, for the property located at 8926 Ferris, Houston, Texas ("subject property"). A copy of the SFIP and Declarations Pages are attached as Exhibit C.

4.  Defendant was served with the state court Citation and Plaintiff's Complaint on or about September 9, 2016. Thirty days have not elapsed since Defendant first received the Complaint through service of process or otherwise, and removal is timely under 28 U.S.C. §§ 1441 and 1446.

**Jurisdiction and Venue**

5.  Plaintiff avers that Defendant breached its contract of insurance by allegedly failing to pay the full amount of flood insurance benefits owed to the insured under the SFIP.

6.  Defendant participates in and issues SFIPs under the NFIP WYO Program. The NFIP is a federal program created pursuant to the NFIA, 42 U.S.C. § 4001, *et seq.*

7.  The payment that Plaintiff seeks in this lawsuit would constitute a direct charge on the public treasury, and would be binding upon the federal government. *Wright v. Allstate*

*Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005); 44 C.F.R. § 62.23(f); 44 C.F.R. Pt. 62, App. A, Art. III(D)(1) and (2).

8. As such, this Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R), which vests in the United States District Court for the district in which the insured property is located with original exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim under the NFIP. *See* 42 U.S.C. § 4072.

9. According to the Complaint, Plaintiff's insured property is located at 8926 Ferris, Houston, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas. Therefore, this Court is the proper Court for removal of this action pursuant to 42 U.S.C. § 4072.

10. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's right to relief involves the interpretation of federal statutes and regulations under the NFIP and necessarily depends upon the resolution of substantial questions of federal law. *See Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000).

11. As a separate basis for federal jurisdiction, removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. Under the NFIA, 42 U.S.C. § 4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program.

12. Lastly, to the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, as the state law based claims form a part of the same case and controversy.

13. Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiff and will be filed with the Clerk of Court for the District Court in and for Harris County, Texas, in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Texas Farmers Insurance Company prays that this Notice of Removal be accepted as good and sufficient and that the aforementioned action, Cause No. 2016-45494, in the 164th Judicial District Court of Harris County, Texas, be removed to the United States District Court for the Southern District of Texas for further proceedings as provided by law.

Dated: October 3, 2016   Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By: <u>*/s/ Bradley K. Jones*</u>
    Douglas D. D'Arche
    State Bar No. 00793582
    Federal ID No. 19437
    Bradley K. Jones
    State Bar No. 24060041
    Federal ID No. 931122
    811 Main St., Suite 1100
    Houston, Texas 77002
    Telephone: (713) 751-1600
    Facsimile: (713) 751-1717
    E-mail: ddarche@bakerlaw.com
    bkjones@bakerlaw.com

AND

**NIELSEN, CARTER & TREAS, L.L.C.**
John D. Carter
La. State Bar. No. 24334
3838 N. Causeway Blvd. Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
E-mail: jcarter@nct-law.com
**COUNSEL FOR TEXAS FARMERS INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 3rd day of October, 2016, I served a copy of the foregoing on all counsel of record by certified mail, return receipt requested:

  Kevin R. Michaels, Esquire
  Law Offices of Kevin R. Michaels, P.C.
  888 W. Sam Houston Parkway S., Suite 226
  Houston, TX 77042
  kmichaels@michaelslaw.net

           /s/  *Bradley K. Jones*
           Bradley K. Jones