United States District Court
Southern District of Texas
ENTERED
February 02, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JIANHUA LING, §
§
Plaintiff, §
§
VS. § CIVIL ACTION NO. H-16-2961
§
FARMERS INSURANCE GROUP d/b/a §
FIRE INSURANCE EXCHANGE, §
§
Defendant. §

OPINION AND ORDER OF PARTIAL DISMISSAL

The above referenced cause, alleging breach of flood insurance contract and state-law claims for failure to pay the full amount of benefits owed to the insured, was removed from the 164th Judicial District Court of Harris County, Texas.[1] Pending before the Court

[1] Federal courts have original, exclusive jurisdiction over a breach of contract suit against the Director of the Federal Emergency Management Agency ("FEMA") seeking payment of additional flood insurance benefits under a Standard Flood Insurance Policy ("SFIP"). 42 U.S.C. § 4072. Section 4072 ("Adjustment and payment of claims; judicial review; limitations; jurisdiction"), provides,

> In the event the program is carried out as provided in section 1340 [42 U.S.C. § 4071], the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the Untied States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

Furthermore, effective December 31, 2000 an amendment to the SFIP added the following language to Article IX ("What law Governs")

is a motion to dismiss with prejudice under Federal Rule of Civil Procedure 12(b)(6) (instrument #6) all Plaintiff Jianhua Ling's extra-contractual state-law claims[2] in this suit, bought pursuant to the National Flood Insurance Act of 1968, as amended, ("NFIA"), 42 U.S.C. §§ 4001, *et seq.*, filed by Defendant Farmers Insurance Company ("Texas Farmers"), on behalf of Defendant Farmers Insurance Group d/b/a Fire Insurance Exchange's,[3] because in the context of

---

of the standard flood insurance policy: "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the national Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*), and Federal common law." 44 C.F.R. Part 61, App. A. Art. IX (2001).

Several Circuit Courts of Appeals have held that § 4072 also applies to lawsuits against private insurers who issue SFIPs under the Write Your Own ("WYO") program. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 947 (6th Cir. 2002); *Van Hold v. Liberty Mut. Fire Ins.Co.*, 163 F.3d 161, 166-67 (3d Cir. 1998).

[2] Specifically in her Original Petition, in addition to breach of contract, Plaintiff sought to recover for extra-contractual claims of violations of the Texas Insurance Code, the common law duty of good faith and fair dealing, fraudulent misrepresentations, common law fraud, treble damages under the Texas Insurance Code, punitive and/or exemplary damages, attorneys' fees, and pre- and post-judgment interest.

[3] Farmers Insurance Group d/b/a Fire Insurance Exchange was incorrectly named as defendant because the relevant policy of insurance (Policy No. 8702691498 2015 for the property located at 8926 Ferris, Houston, Texas (the "Property"), owned by Plaintiff) was issued by Texas Farmers, a Write-Your-Own ("WYO") Program carrier participating in the NFIP. Homeowners can purchase a SFIP policy directly from FEMA or through private insurers, which serve as WYO providers, such as Texas Farmers here. *Ferraro v. Liberty Mutual Fire Ins. Co.*, 796 F.3d, 529, 531 (5th Cir. 2015). The private WYO companies defend against claims and then FEMA reimburses them because they are fiscal agents of the United States. 44 C.F.R. § 62.23(g), (i)6; 42 U.S.C. § 4071(a)(1). Texas Farmers is appearing in this action in its fiduciary

the United States Government's National Flood Insurance Program ("NFIP"), these claims are barred and preempted[4] by federal constitutional, statutory, and regulatory law, as well as by United States Supreme Court precedents.[5] Defendant would leave pending

---

capacity as a "fiscal agent of the United States." 44 C.F.R. § 62.23(f).

[4] *See Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2995)(insured's state-law claims made against WYO insurance relating to the handling of flood insurance policies under the NFIP are expressly preempted by the NFIA).

[5] Two Supreme Court cases have ruled that any misrepresentation claim involved in the handling of a plaintiff/insured's flood insurance claim is barred: *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947), and *Heckler v. Cmty. Health Serv. Of Crawford Cnty., Inc.*, 467 U.S. 51 (1984). In *Merrill*, farmers who applied for crop insurance told the government-created corporation handling the matter that the farmers' entire crop, including reseeded winter wheat, was insurable, when regulations, published in the federal register, actually prohibited insurance coverage of reseeded winter wheat. A drought subsequently destroyed most of the farmers' crop, but their claim under the policy was denied because everyone "is charged with knowledge of the United States' Statutes," rules and regulations. Moreover under the *Merrill* doctrine, estoppel is not permitted against the government. As opined in *Heckler v. Community Health Service of Crawford County*, 467 U.S. at 63-64, "Protection of the public fisc requires those who seek public funds act with scrupulous regard for the requirements of law," and participants in federal benefit programs have a legal duty to "familiarize" themselves with the program's "legal requirements for cost reimbursement." "It is well settled that the Government may not be estopped on the same terms as any other litigant." *Id.* These two cases fed into *Richmond Printing LLC v. Director, FEMA*, 72 Fed. Appx. 92, 2003 WL 21697457, at *2 (5th Cir. July 21, 2003), in which the Fifth Circuit highlighted that "state law claims arising out of the terms of coverage of the SFIP are preempted, whether the claims are merely claims for coverage or ancillary claims arising out of the insurer's denial of coverage."

In sum Texas Farmers maintains that all of Plaintiff's extra-contractual claims are barred by *Merrill, Heckler, Wright, and Richmond.*

only Plaintiff's breach of insurance contract claim under the SFIP.

Although Plaintiff is represented by counsel, she has failed to file a response.

**Factual Background**

On May 26, 2015 heavy rainfall flooded the Meyerland area in Houston, Texas and caused such severe damage to Plaintiff's Property that it required extensive remediation and rebuilding. After Plaintiff filed a claim with Defendant for the cost of repairs to the Property under her policy, Defendant allegedly wrongfully underpaid some of the claims and continues to withhold full payment.

**Standard of Review**

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The plaintiff's legal conclusions are not entitled to the same assumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atlantic Corp. v. Twombly*, 556 U.S. 662, 678 (2007); *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. Appx. 280, 283 (5th Cir. Jan. 7,

2012).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). *Twombly* requires that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin

to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556.

Dismissal under Rule 12(b)(6) is proper not only where the plaintiff fails to plead sufficient facts to support a cognizable legal theory, but also where the plaintiff fails to allege a cognizable legal theory. *Kjellvander v. Citicorp*, 156 F.R.D. 138, 140 (S.D. Tex. 1994), *citing Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir. 1991); *ASARCO LLC v. Americas Min. Corp.*, 832 B.R. 49, 57 (S.D. Tex. 2007). "A complaint lacks an 'arguable basis in law' if it is based on an indisputedly meritless legal theory' or a violation of a legal interest that does not exist." *Ross v. State of Texas*, Civ. A. No. H-10-2008, 2011 WL 5978029, at *8 (S.D. Tex. Nov. 29, 2011).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994).

"'[D]ocuments that a defendant attaches to its motion to dismiss are considered part of the pleadings if they are referred

to in the plaintiff's complaint and are central to [its] claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000), *quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). By such attachments the defendant simply provides additional notice of the basis of the suit to the plaintiff and aids the Court in determining whether a claim has been stated. *Id.* at 499. The attachments may also provide the context from which any quotation or reference in the motion is drawn to aid the court in correctly construing that quotation or reference. *In re Enron Corp. Securities, Derivative & "ERISA" Litig.*, No. H-04-0087, 2005 WL 3504860, at 11 n.20 (S.D. Tex. Dec. 22, 2005). "Where the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations." *Martinez v. Reno*, No. 3:97-CV-0813-P, 1997 WL 786250, at *2 (N.D. Tex. Dec. 15, 1997), *citing Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When conclusory allegations and unwarranted deductions of fact are contradicted by facts disclosed in the appended exhibit, which is treated as part of the complaint, the allegations are not admitted as true. *Carter v. Target Corp.*, 541 Fed. Appx. 413, 417 (5th Cir. Oct. 4, 2013), *citing Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974), *citing Ward v. Hudnell*, 366 F.2d 247 (5th Cir. 1966).

**Applicable Law**

Because the NFIP, which provides flood insurance coverage at very reasonable rates, is operated by FEMA, an agency of the Department of Homeland Security, the NFIP draws funds from the federal treasury to cover approved claims. *Ferraro v. Liberty Mutual Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015). Therefore the NFIP's regulations implicate sovereign immunity, and "'the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced.'"[6] *Id., quoting Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998), and *citing DeCosta v. Allstate Ins. Co.*, 730 F.3d 76, 84 (1st Cir. 2013), and *Mancini v. Redland Ins.*, 248 F.3d 729, 734-35 (8th Cir. 2001). Homeowners can purchase policies either directly from FEMA or from private insurers, which function as WYO providers and fiscal agents of the United States. *Id.*, citing 42 U.S.C. § 4071(a)(1).

Before the Fifth Circuit issued *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005), courts interpreted the Circuit's case law as ruling that state law claims are not preempted by the NFIP. *Gallup v. Omaha Property and Casualty Insurance Co.*, 434 F.3d 341, 344 (5th Cir. 2005), *citing Spence v. Omaha Indemnity Ins. Co.*, 996 F.2d 793 (5th Cir. 1993), and *Richmond Printing LLC v. Director,*

[6] No provision of a SFIP can be waived without the express written consent of the Federal Insurance Administrator and an insured covered by a SFIP policy cannot file a lawsuit under the NFIP until he has met all the SFIP provisions, including sending FEMA a signed, sworn proof of loss within sixty days after the loss. *Berger v. Nat'l Flod Ins. Program*, 2013 WL 499310, at *4 (E.D. La. Feb. 7, 2013)

*FEMA*, 72 Fed. Appx. 92 (5th Cir. 2003)("interpreting *Spence* as holding that a misrepresentation extracontractual claim was not preempted by the Act."). Then in *Wright*, 415 F.3d at 390, the Fifth Circuit ruled that "'state law tort claims arising from claims handling by a WYO are preempted under federal law.'" See preemption provision added by amendment in 2000, 44 C.F.R. Part 61, App. A(1) art. IX (The SFIP states, "This [flood] policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001 *et seq.*), and the Federal common law."). *In accord Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 400 (5th Cir. 2012); *Campo v. Allstate Ins. Co.*, 562 F.3d 751,(5th Cir. 2009). The Fifth Circuit has continued to distinguish between claims for policy handling, which have "traditionally been considered subject to federal jurisdiction" and which are reimbursed by the United States Treasury, and "claims for policy procurement, which have not" been considered subject to federal jurisdiction and which WYO's must defend on their own. *Seruntine v. State Farm Fire & Cas.*, 444 F. Supp. 2d 698, 701-02 (E.D. La. 2006).

**Defendant's Rule 12(b)(6) Motion To Dismiss**

Defendant points out that every appellate court that has addressed the issue of jurisdiction over state-law extra-contractual based claims in the context of a SFIP claims dispute has concluded that such claims are barred and preempted by federal

law, and that federal common law does not permit recovery of interest, penalties, or attorney's fees, all of which Plaintiff seeks here. *See, e.g., C.E.R. 1988, Inc. v. Aetna Cas. and Surety Co.*, 386 F.3d 263, 272 (3d Cir. 2004); *Gallup*, 434 F.3d at 345; *Wright*, 415 F.3d at 390; *Gibson,* 289 F.3d 943 ("Given this court's holding in *Wright*, that state law tort claims arising from claims handling by a WYO are preempted by the National Flood Insurance Act, it necessarily follows that the Act gives FEMA authority to promulgate regulations to that effect."); *Gunter v. Farmers Ins. Co., Inc.*, 736 F.3d 768, 771-72 (8th Cir. 2013); *Pecarivich v. Allstate Ins. Co.*, 135 Fed. Appx. 23, 25 (9th Cir. 2005); *Remund v. State Farm Fire & Cas. Co.*, 483 Fed. Appx. 403, 409 (10th Cir. 2012); *Shuford v. Fidelity Nat' Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2007); and *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 193 ("Although the defendant is a private insurer and not the United States, it is the United States that will pay for an award of interest"; "because there is no express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award"). Moreover some appellate decisions (*Gallup; Gowland; Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161 (3d Cir. 1998); and *Flick v. Liberty Mutual Fire Ins. Co.*, 205 F.3d 386 (9th Cir. 2000)) address the structure and statutory scheme of the NFIP relating to the motion to dismiss. *See, e.g., Gallup*, 434 F.3d at 342 (The WYO companies "issue SFIPS in their own names and arrange

for the adjustment, settlement, payment and defense of all claims arising from the policies. FEMA regulations establish the terms of the SFIP, rate structures and premium costs. Claims are ultimately paid out of the U.S. Treasury.”).

In *Wright*, 415 F.3d at 390 (citations omitted), the Fifth Circuit examined the reasoning of the Third Circuit in *C.E.R.* and the Sixth Circuit in *Gibson* in determining whether federal law preempts state law tort claims based on a WYO’s handling of an insurance claim. It determined that

> the Third Circuit concluded that the insured’s state law claims were preempted because ‘the application of state tort law would impede Congress’s objective’ in enacting the NFIA. Indisputedly a central purpose of the Program is to reduce fiscal pressure on federal flood relief effort. The court reasoned that “[i]f FEMA refused to reimburse WYO carriers for their defense costs, insurers would leave the Program, driving the price of insurance higher. The alternative, remuneration for losses incurred in such suits, would directly burden the federal Treasury. The court also implicitly rejected the argument that state law tort claims against WYOs should not be preempted because FEMA might refuse to reimburse the WYO in some cases. (“FEMA ordinarily will be responsible financially for the costs of defending a lawsuit against a WYO company. The efficiency goals of the Program, on balance, would better be served by requiring claimants to resolve their disputes by means of the remedies FEMA provides.”). In *Gibson*, the Sixth Circuit similarly concluded that state law tort claims relating to a WYO handling of a flood insurance claim are preempted . . . .

The Fifth Circuit went on to join the Third and Sixth Circuits with additional rationale. *Wright*, 415 F.3d at 390. The conclusion that state tort claims arising from claims handling by a WYO are preempted by federal law

> is consistent with our holding in [*West v. Harris*, 573 F.2d 873 (5th Cir. 1978)] that federal rather than state law governs entitlement to attorney's fees because the NFIP is a "child of Congress, conceived to achieve policies which are national in scope, and [because] the federal government participates extensively in the program both in a supervisory capacity and financially." *West*, 573 F.2d at 881. We note that the significance of this holding may have been pretermitted by FEMA regulation. In 2000, FEMA amended the language of SFIP policies to state: "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . and Federal common law." 44 C.F.R. pt. 61, app. (A)(1), art. IX.

*Id.*

In *Wright v. Allstate Ins. Co.* (*Wright II*), 500 F.3d 390 (5th Cir. 2007), the Fifth Circuit also examined in detail the issue of extra-contractual claims in the context of the NFIP regarding "federal common law" claims. The Fifth Circuit held that neither NFIA nor the SFIP expressly authorized policyholders to file such claims. 500 F.3d at 393-95. In questioning whether there was an implied right of action to bring extra-contractual federal common law claims against the WYO Program carrier, the Fifth Circuit applied the four-prong test of *Cort v. Ash*, 422 U.S. 66 (1975). *Id.* at 395. It determined that, as to the first prong, Wright was not an "especial beneficiary" of the NFIA for whom the statute created a federal right because its primary purpose was "to reduce, by implementation of agequate land use controls and flood insurance, the massive burden on the federal fisc of the ever-increasing federal flood disaster assistance.". *Id.* at 395-97. As to the second, any legislative intent to permit an implied right of

action, the Fifth Circuit found "it significant that Congress expressly provided a private remedy for policyholders in 42 U.S.C. §§ 4053 and 4072, which

> allow a policy holder to sue in federal court if he is dissatisfied with the amount of a claim payment. The Congress expressly authorized private causes of action in other sections of the NFIA weighs against Wright's theory that Congress implicitly intended the courts to fashion additional causes of action. As the Supreme Court recognized in *Touche Ross & Co. v. Redington*,[439 U.S. 979 (1978)] "when Congress wished to provide a private damages remedy, it knew how to do so."

*Wright II*, 500 F.3d at 397. Finally the Fifth Circuit found that the last two prongs "are relevant only if the answers to the first two indicate congressional intent to create a private remedy," which under its findings, clearly do not. *Id.* The appellate court concluded that based upon *Wright*, 415 F.3d 384, *Gallup*, and *Wright II*, the Fifth Circuit has barred any state law based extra contractual theories of recovery for a NFIP breach of contract action. Defendant lists a number of Texas District Court cases in accord. #6 at pp. 12-13.

As for Plaintiff's prayer for attorney's fees from Texas Farmers, it is black letter law that claimants cannot recover attorney's fees in an NFIP claims handling dispute. *See, e.g., West*, 573 F.2d at 880-81; *Hanover Bldg. Materials, Inc v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1978). So, too, are her claims for pre- and post-judgment interest barred. *See, e.g., In re Estate of Lee v. NFIP*, 812 F.2d 253, 256 (5th Cir. 1987)("As a general rule, in suits against the sovereign, the United States is

not liable for interest unless the liability is imposed by statute or assumed by contract" because "an award of interest against the government is a direct and costly charge on the public treasury." While a claimant may sue the Director of FEMA in federal court, 42 U.S.C. § 4072 "does not provide for awards of prejudgment interest in favor of prevailing plaintiffs."). *see also Newton v. Capital Assur. Co., Inc*, 245 F.3d 1306, 1312 (11th Cir. 2001); *Scandia Oil Co., Inc. v. Beckton*, 889 F.2d 258, 264 (10th Cir. 1989).

Finally the Fifth Circuit has held that since payments pursuant to a flood insurance policy are "a direct charge on the public treasure," "when federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution. 'Any exercise of a power granted by the Constitution to one of the other branches of Government is limited by a valid reservation of congressional control over funds in the Treasury.'" *Gowland*, 143 F.3d at 955.

**Court's Decision**

The Court has carefully reviewed Defendant's brief and the applicable law and fully concurs with its argument that the extra-contractual claims that have been asserted or might be should, as a matter of law, be dismissed with prejudice. Accordingly, the Court

ORDERS that Defendant's motion to dismiss with prejudice Plaintiff's extra-contractual claims is GRANTED. Plaintiff's claim

for breach of insurance contract under the SFIP shall proceed.

SIGNED at Houston, Texas, this 2nd day of February, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE